

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

Skinner                                                      Civil Action No. 13-03146

versus                                                       Judge Richard T. Haik, Sr.

Schlumberger Technology Corp., et al                         Magistrate Judge C. Michael Hill

### MEMORANDUM RULING

Before the Court is an unopposed[1] Motion For Summary Judgment On Plaintiff's Jones Act Claim filed by defendant, Schlumberger Technology Corporation ("Schlumberger") [Rec. Doc. 72].

Plaintiff, "Richard Skinner, worked for Schlumberger for at least 189 days. *R. 16-4, p. 3*. During Plaintiff's employment with Schlumberger, the longest possible time Plaintiff spent in service of a vessel or identifiable fleet of vessels was 42 days. *R. 14-1 – 14-6*. During Skinner's employment with Schlumberger, he always held the position of 'Coiled Tubing Supervisor Trainee.' *R. 9-2, ¶ 3; R. 14-1, ¶ 1*. During Skinner's employment with ¶ 3, Skinner was not permanently assigned to any vessel. Skinner worked sporadically with eight different vessels. *R. 14-1 – 14-6*." *R. 72-2*.

Plaintiff originally filed this action in the Fifteenth Judicial District Court, Lafayette Parish alleging that at the time of the incident, he was a Jones Act Seaman and Schlumberger was his employer. *R. 1-3*. Schlumberger removed the case to this Court on

---

[1] Pursuant to Local Rule L.R. 7.5W, the deadline for filing any opposition to Schlumberger's motion was November 10, 2014. *LR. 7.5*.

November 27, 2013, asserting that Plaintiff's Jones Act claims were fraudulently pled. *R. 1*. On February 25, 2014, the Court entered an order denying plaintiff's motion to remand as the record before it did not support Plaintiff's claims as a Jones Act Seaman. *R. 26*. In particular, the Court held that because the record established that "plaintiff did not serve a vessel or group of vessels under the control or ownership of one entity for more than 30 % of his work time" for Schlumberger, plaintiff did not qualify as a Jones Act Seaman. *Id.* Now Schlumberger moves for summary judgment based on the Court prior ruling as well as the record established in its opposition to Plaintiff's motion to remand. *R. 14*. Plaintiff has filed no opposition to the motion.

The fact that a motion is unopposed does not necessarily mean the movant should prevail on the merits. "A motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule. The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed." *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 (5th Cir. 1995)(citing *Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir.1985)). However, failure to file an opposition and statement of contested material facts requires the Court to deem the movant's statements of uncontested material facts admitted for purposes of the motion. *Local Rule, LR 56.2W*.

Based on Schlumberger's Statement of Undisputed Material Facts, *R. 72-2*, and for

the reasons stated in its Memorandum Order, *R. 26*, the Court finds that Schlumberger's Motion For Summary Judgment should be granted.

_____
Richard T. Haik, Sr.